UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| IRYNA SHATELEN,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL CHERTOFF, Secretary of the Department of Homeland Security; EMILIO GONZALES, Director of U.S. Citizenship and Immigration Services; ROBERT S. MUELLER, Director of the FBI;<br><br>    Defendants. | NO. CV-07-5014-RHW<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT** |

Before the Court is Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction, or, in the Alternative, for Summary Judgment (Ct. Rec. 6). The motion was heard without oral argument.

### BACKGROUND

Plaintiff Iryna Shatelen filed this *pro se* complaint, seeking a court order that would direct the FBI and the United States Citizenship and Immigration Services (USCIC) to process her I-485 application.[1] Plaintiff asserts that she has been greatly damaged by the failure of the FBI and the USCIS to process her

---

[1] USCIS is a successor agency of the Immigration and Naturalization Service, which was abolished in 2002 with the creation of the Department of Homeland Security. *See* 6 U.S.C. §§ 271, 291.

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT ~ 1**

application. She has been unable to obtain legal permanent residence, travel and work without restriction and accrue time to be eligible for nationalization as a citizen of the United States. Plaintiff works as an interpreter, and has also been unable to apply for jobs that require U.S. citizenship.

Plaintiff, a citizen of the Ukraine, was initially admitted into the United States on a fiancée visa. She had met her now-husband while he was working with the U.S. Department of Energy in the Ukraine. She arrived in the United States on April 18, 2004. She and her husband wed on June 11, 2004. On July 30, 2004, Plaintiff filed a form I-485 Application to Adjust Status to Lawful Permanent Residence.[2] This application remains pending and is the focus of this lawsuit.

When an applicant applies to USCIS for permanent residence, USCIS conducts several security and background checks to ensure that the person is both eligible for permanent residence and is not a national security or public safety risk. *Haidari v. Frazier*, 2006 WL 3544922 (D. Minn. Dec. 8, 2006). These background checks include: (a) a record check made against DHS's own immigration systems; (b) an FBI fingerprint check; (c) a check against the Interagency Border Inspection System (IBIS); and (d) an FBI name check, which is run against FBI investigative databases. *Id.* USCIS's policy requires that an

---

[2]Under section 245 of the Immigration and Nationality Act (8 U.S.C. § 1255(a), an alien already in the United States may seek to change his or her status to an alien lawfully admitted to the United States for permanent residence, without having to leave the country for the purpose of applying for permanent residence in the United States at a consular office abroad. Persons are eligible for adjustment if: (1) they have been inspected and admitted or paroled into the United States; (2) they are eligible to receive an immigrant visa; (3) they are admissible to the United States for permanent residence; and (4) immigrant visas are immediately available to them at the time their application is approved.

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT ~ 2**

1 adjudications officer cannot complete a Form I-485 adjudication until all of the
2 above background security checks are completed. *Id.*

### DISCUSSION

In her complaint, Plaintiff seeks mandamus relief under 28 U.S.C. § 1361,[3] and relief under the Administrative Procedures Act, 5 U.S.C. § 701, *et seq.*[4] Defendants assert that the Court does not have subject matter jurisdiction over Plaintiff's claims because the adjudication of I-485 applications and name-check investigations are matters solely within the discretion of the Defendant agencies. As such, they are not the proper subject of mandamus relief. In the alternative, Defendants move for summary judgment.

**A.  Standard of Review**

   **(1)   Fed. R. Civ. P. 12(b)(1)**

Where, as here, Defendants assert that the allegations in the complaint are insufficient to establish subject matter jurisdiction as a matter of law, the Court accepts the allegations in Plaintiff's complaint as true. *Whisnant v. United States*, 400 F.3d 1177, 1179 (9th Cir. 2005). A motion to dismiss should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Kaiser v. Blue Cross of Calif.*, 347 F.3d 1107, 1111 (9th Cir. 2003).

   **(2)   Fed. R. Civ. P. 56**

---

[3] The district court shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff. 28 U.S.C. 1361.

[4] Plaintiff also relies on 28 U.S.C. § 2201, the Declaratory Judgment Act. It is undisputed that the Declaratory Judgment Act does not by itself confer subject matter jurisdiction. *Nationwide Mut. Ins. Co. v. Liberatore*, 408 F.3d 1158, 1161 (9th Cir. 2005).

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT ~ 3**

1    Summary judgment is appropriate if the "pleadings, depositions, answers to
2 interrogatories, and admissions on file, together with the affidavits, if any, show
3 that there is no genuine issue as to any material fact and that the moving party is
4 entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). There is no
5 genuine issue for trial unless there is sufficient evidence favoring the nonmoving
6 party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby,*
7 *Inc.,* 477 U.S. 242, 250 (1986). The moving party has the initial burden of
8 showing the absence of a genuine issue of fact for trial. *Celotex Corp. v. Catrett*,
9 477 U.S. 317, 325 (1986). If the moving party meets it initial burden, the non-
10 moving party must go beyond the pleadings and "set forth specific facts showing
11 that there is a genuine issue for trial. *Id.* at 325; *Anderson*, 477 U.S. at 248.

In addition to showing that there are no questions of material fact, the moving party must also show that it is entitled to judgment as a matter of law. *Smith v. University of Washington Law School*, 233 F.3d 1188, 1193 (9th Cir. 2000). The moving party is entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of a claim on which the nonmoving party has the burden of proof. *Celotex*, 477 U.S. at 323.

When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

**B.      Subject Matter Jurisdiction**

The threshold issue the Court must determine is whether it has subject matter jurisdiction to hear Plaintiff's claims. Federal courts are courts of limited jurisdiction and they possess only that power authorized by statute or the Constitution. *Vacek v. United States Postal Serv.*, 447 F.3d 1248, 1251 (9th Cir. 2006). It is Plaintiff's burden to establish that the Court has jurisdiction to hear the

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT ~ 4**

case. *Id.*

In this case, to determine whether the Court has subject matter jurisdiction, it is necessary to consult three separate statutes.

28 U.S.C. § 1361 provides:

> The district court shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

A writ of mandamus is an extreme remedy that is invoked only in extraordinary circumstances. *Kildare v. Saenz*, 325 F.3d 1078, 1178 (9th Cir. 2005). To justify the use of this extraordinary remedy, the individual's claim must be clear and certain; the official's duty must be nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt; and no other adequate remedy is available. *Id.* Whether a writ of mandamus should issue is in large part a matter of discretion with the district court. *Kerr v. United States District Court,* 426 U.S. 394, 403 (1976).

Additionally, the Administrative Procedures Act (APA) provides:

> With due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it."

5 U.S.C. § 555(b).

The APA provides relief for a failure to act in 5 U.S.C. § 706(1): "The reviewing court shall . . . compel agency action unlawfully withheld or unreasonably delayed."

The only agency action that can be compelled under the APA, however, is action legally *required*. *Norton v. Southern Utah Wilderness Alliance*, 542 U.S. 55, 63 (2004) (recognizing limitation in § 706(1)'s authorization for courts to "compel agency action *unlawfully* withheld). Section 706(1) empowers a court to compel an agency "to perform a ministerial or non-discretionary act," or "to take action upon a matter, without directing how it shall act." *Id.* A delay cannot be

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT ~ 5**

unreasonable with respect to an action that is not required. *Id.* at 62 n.1.

Finally, 8 C.F.R. § 245.2(a)(5)(i) states:

"The applicant *shall* be notified of the decision of the director and, if the application is denied, the reasons for the denial." (emphasis added).

The Court concludes that the language of 8 C.F.R. § 245.2(a)(5)(i) creates a non-discretionary duty to adjudicate Plaintiff's applications. Additionally, while § 245.2(a)(5)(i) does not provide for a timeliness requirement in regard to the Government's duty to adjudicate applications, the Court finds that the APA does. Consequently, Plaintiff has a right to have the USCIS adjudicate her application within a reasonable time.

The Court finds that Plaintiff has met the requirements of mandamus relief because the right she is asserting is certain, it involves a non-discretionary duty, and no other adequate remedy is available. *See Valenzuela v. Kehl*, 2006 WL 2474088 (N.D. Tex. Aug. 26, 2006); *Haidar v. Frazier*, 2006 WL 3544922 (D. Minn. Dec. 8, 2006); *Saleh v. Hansen*, 2006 WL 2320232 (S.D. Ohio Aug. 9, 2006); *Kim v. Ashcroft*, 340 F. Supp. 2d 384 (D. N.Y. 2004); *Razik v. Perryman*, 2003 WL 21878726 (N.D. Ill. Aug. 7, 2003), *Krishnamoorthy v. Ridge*, 2003 WL 21204051 (N.D. Ill. May 19, 2003); *Yu v. Brown*, 36 F. Supp. 2d 922, 939 (D. N. M 1999). The Court concludes it has subject matter jurisdiction to hear Plaintiff's claims.

**C.    Summary Judgment**

Defendants argue that summary judgment is appropriate because the delay in processing Plaintiff's application is reasonable. In support of their motion, Defendants provided Affidavits from Diana M. Wolder, USCIS Field Office Director at the Seattle District, Spokane Suboffice; and Michael A. Cannon, Section Chief of the National Name Check Program Section. While these

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT ~ 6**

Affidavits describe the process undertaken by the FBI to conduct the background check, they do not explain the delay in processing Plaintiff's application.

In her complaint, Plaintiff cited to USCIS's website that provides processing dates for the various processing centers. *See* Case Status Service Online, https://egov.immigration.gov/cris/jsps/index.jsp (last visited August 8, 2007). The website indicates that the Omaha processing center is processing I-485 applications with a Receipt Notice Date of January 13, 2007. Neither one of Defendants' Affidavits explains with any degree of specificity why Plaintiff's application has not yet been processed. Such information is crucial for the Court to make its determination of whether a delay of two and one-half years is reasonable. As it stands, a two-and-a-half-year delay appears to be unreasonable. Without additional information, however, the Court is unable to make this determination. Thus, the Court finds that there are genuine issues of material fact regarding whether the delay in processing Plaintiff's application is reasonable, and it is necessary to go to trial in order to make this determination.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction, or, in the Alternative, for Summary Judgment (Ct. Rec. 6) is **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and forward copies to counsel and Plaintiff.

**DATED** this 3rd day of October, 2007.

*S/ Robert H. Whaley*

ROBERT H. WHALEY
Chief United States District Judge

Q:\CIVIL\2007\Shatelen\sjorder.wpd

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT ~ 7**